KATHERINE L. JOHNS, *et al.*, Appellants, v. MARGARET M. WARREN, *et al.*, Appellees.

Public Lands: MILITARY LAND WARRANTS: POWER OF ATTORNEY: VALIDITY. Under the provisions of section 4 of the act of congress of September 28, 1850, providing that all sales, letters of attorney, or other instruments of writing affecting the title or claim to any military land warrant or certificate issued under the provisions of said act, if made or executed prior to such issue, should be null and void, a letter of attorney giving power to the attorney therein appointed to grant, bargain and sell certain lands that should thereafter be located under a warrant accompanying said power, and which had been issued to the warrantee under the above act, is void, and the title to lands located under such power is vested in the warrantee.

*Appeal from Black Hawk District Court.*—HON. C. F. COUCH, Judge.

THURSDAY, MAY 19, 1892.

THE plaintiffs claim to be the absolute owners of the northwest quarter of the southwest quarter of section 7, township 87, range 14, Black Hawk county, Iowa, and asked to be quieted in their title as against the defendants. The defendants, Patrick Murphy and J. L. Henderson, answered, denying that the plaintiffs are the owners of the land, and alleged that the defendant, Murphy, is the owner thereof, and asked that he be quieted in his title as against the plaintiffs. Other issues joined are merely incident to this one of title,

and need not be particularly stated. The decree was entered dismissing the plaintiffs' petition, from which they appeal.—*Affirmed.*

*Boies, Husted & Boies,* for appellants.

*Mullam & Hoff, J. E. Sedgwick,* and *Alford & Gates,* for appellees, Henderson and Murphy.

Given, J.—The facts upon which the plaintiffs' title rests are these: On the twenty-third day of September, 1852, one Jonathan Favorite died while *en route* with his family from Ohio to Black Hawk county to locate, leaving six children surviving him, five of whom were minors. The children having returned to Ohio, John H. Morrison was there appointed guardian of the minors, and Robert Morrison, husband of the adult heir, was appointed administrator of the estate. There was found among the papers of the deceased that came into the hands of the administrator a military land warrant, N. 757, issued by the United States to John W. Ringrose, under the act of congress, September 28, 1850. There was also found an instrument, of which the following is a copy:

"Know all men by these presents, that I, *John W. Ringrose* of *Baltimore city,* state of *Maryland,* have, in consideration of —— dollars to me paid, the receipt whereof I hereby acknowledge, do make, constitute and appoint a true and lawful attorney for me and in my name to grant, bargain and sell unto —— all my right, title and interest in and to the following lands, located in the name of said *John W. Ringrose* at the land office at —— with military land warrant No. 757, issued to *me* under act of September 28, 1850, viz: * * * and to execute and sign all deeds necessary to convey to said —— the full and perfect title to said land, hereby ratifying and confirming all the acts of my said attorney, done by virtue of these presents. And, in further con-

sideration of the above sum paid to *me*, I hereby further covenant for myself, my heirs and assigns, with said ——, his heirs and assigns, that I will execute, free of expense, all other deeds necessary to perfect the title to said land herein conveyed, whenever I am called upon so to do. Witness my hand and seal, this *twenty-first day of October*, in the year *one thousand eight hundred and fifty-one.*

"(Signed)        J. W. RINGROSE,

"*Attest:*    M. M. RINGROSE."    [SEAL.]

The instrument is upon a printed blank. It is shown by the attesting witness that the words here appearing in italics and the signature are in the hand-writing of John W. Ringrose. The instrument appears to have been duly acknowledged by John W. Ringrose before a notary public in the city of Baltimore. John H. Morrison, the guardian, came to Iowa with the land warrant and located the same upon the land in question, receiving a certificate as follows:

"Military Bounty Land Act of September 28, 1850.

"REGISTER'S OFFICE, DUBUQUE, }
        "November 7, 1855.    }

"Military land warrant No. 757, in the name of John W. Ringrose, has this day been located by John W. Ringrose upon the northwest quarter of southwest quarter of section twenty-seven, in township eighty-seven north, of range fourteen west, subject to any preemption claim which may be filed for such land within forty days from this date. Contents of tract located, forty acres.

"(Signed)        GEORGE W. HENRY,

        "Register."

Thereafter said administrator and guardian caused the blank in the instrument to be filled with the name of Robert Morrison as attorney-in-fact for John W. Ringrose, and on August 8, 1856, said Robert Morrison executed and acknowledged as such attorney-in-fact a

deed to the land in question to the heirs of Jonathan Favorite, naming them. Subsequently five of said heirs conveyed to the other heir, John L. Favorite, who, on June 23, 1868, conveyed to T. B. Johns, by whom this action was commenced. Mr. Johns having died pending the action, his widow and heirs were substituted as plaintiffs. The defendant, Patrick Murphy, claims title under quitclaim deeds from the heirs of John W. Ringrose to James L. Henderson and deed from Henderson to him.

I. The appellants maintain that the instrument executed by Mr. Ringrose is not a mere power of attorney to sell and convey for him, but that "in further consideration of the above sum paid to me" he sold the warrant, and authorized the attorney to convey the land located under it to the purchaser. Assuming for the purpose of the inquiry that this is the correct construction, we inquire whether the instrument is valid. The act of congress of September 28, 1850, under which this warrant No. 757 was issued, contains this provision:

"Sec. 4. That all sales, mortgages, letters of attorney, or other instruments of writing going to affect the title or claim to any warrant or certificate issued or to be issued, or any land granted or to be granted, under the provisions of this act, made or executed prior to the issue, shall be null and void to all intents and purposes whatsoever; nor shall such certificate or warrant, or the land obtained thereby, be in any ways affected by or charged with or subject to the payment of any debt or claim incurred by such officer or soldier prior to the issuing of the patent; * * * and, upon the location being made as aforesaid, the secretary shall cause a patent to be transmitted to the warrantee."

It was uniformly held under this act that warrants issued thereunder could only be located in the name of the warrantee. Lester Land Laws, pp. 584, 587, 615. In

*B. & M. R'y Co. v. Clingman*, 43 Iowa, 310, this court recognized these warrants as not assignable. By the act of March 22, 1852, all warrants for military bounty land and valid location of the same were made assignable "by deed or instruments in writing made and executed after the taking effect of this act." Section 2436, Revised Statutes United States, as enacted in 1878, makes all instruments in writing "going to affect the title or claim to any warrant issued or to be issued, or any land granted or to be granted, under the provisions of this chapter, made or executed prior to the issue of such warrant, shall be null and void." It will be observed that neither this section nor the act of 1852 were in force at the time the instrument under consideration was executed. The validity of this instrument must therefore be determined by the act of 1850 alone. It was not executed prior to the issuing of the warrant, and, if controlled by section 2436, would be valid; but it was executed prior to the issue of the certificate of location and patent under which the appellants claim, and is therefore null and void. Section 2436 is expressly limited to instruments made or executed prior to the issue of the warrant, but section 4 of the act of 1850 is not so limited; it is as to instruments "executed prior to the issue." Referring to the language preceding, we see that it was a warrant or a certificate for the land granted that was to be issued. The department held that all assignments of land warrants issued under the act of September 28, 1850, made prior to the act of March 22, 1852, were invalid. Lester, Land Laws, p. 587. Our conclusion is that the instrument executed by Mr. Ringrose on October 21, 1851, whether considered as an assignment or a power of attorney, is null and void, and did not, therefore, divest him of title in the warrant No. 757, or the land upon which it was located, nor confer power upon another to do so. As the appellants' title rests upon the validity of this instru-

ment, the views expressed fully dispose of the case, and we do not therefore notice other questions discussed as to their title. The appellee, having acquired the title of Mr. Ringrose that descended to his heirs, is entitled to be quieted therein as against the plaintiffs.

The judgment and decree of the district court is AFFIRMED.