MARY OLVER *et al.,* Appellants, v. BURLINGTON, CEDAR RAPIDS & NORTHERN RAILWAY COMPANY.

**Agreement to Maintain Bridge:** DAMAGES.  An agreement by a railway company with the owner of land on purchasing a right of way recited that such railway company would build a bridge on the line of its road, and furnish an undergrade crossing for plaintiff, to a spring on said land.  Such passageway was built, and used by plaintiff and his predecessors for 26 years, when the bridge was replaced by another, leaving a narrower passage.  *Held,* in an action for damages, that a refusal to instruct that if the passageway was narrow, so that it did not conform with the passageway theretofore used, plaintiff might recover, was not erroneous, since the agreement did not call for a passage of any particular width, and the new passage was ample for teams and stock.

**Instructions:** EQUIVALENTS:  In a suit for damages against a railroad company for narrowing an undergrade passage to plaintiff's spring and damaging the spring, a refusal to instruct that if plaintiff had been in possession of the spring and passage for 26 years, to the notice of defendant, the latter was liable, is not error, where the court instructed that, if defendant had knowledge of plaintiff's rights at the time the spring and crossing were injured, plaintiff could recover.

*Appeal from Linn District Court.*—HON. WILLIAM G. THOMPSON, Judge.

SATURDAY, APRIL 14, 1900.

PLAINTIFFS allege, as their cause of action, that they are owners by inheritance from their parents, Mary and William Olver, of the described sixty acres of land, upon which there was a valuable spring, used for household and farm purposes; that prior to May 4, 1870, the Burlington, Cedar Rapids & Minnesota Railway Company purchased of said Mary and William Olver a 'right of way across said land, and, as a part of the consideration, agreed in writing as follows: "Superintendent's Office. Burlington, Cedar Rapids and Minnesota Railway Company. Cedar Rapids, Iowa, May 4, 1870. Mary Olver and Wm. Olver, Esq.: In consideration of our right of way purchase from you, the above-named railway company hereby proposes and agrees to place a bridge on its road, contiguous to your spring, in a way that shall save your spring, and enable you to gain access to it. Respectfully, yours, Geo. Green, President." They allege that said company did so construct its road as to place a bridge contiguous to said spring, with a passageway thereunder, and so as to preserve said spring; that in 1876 this defendant became the owner of said railroad, and at that time and ever since had full knowledge of the plaintiffs' rights to have said spring protected, and said bridge maintained so as to permit the passage of all kinds of loads from one part of the said farm to the other; that the defendant, recognizing their rights to have said bridge and spring so maintained and protected, did so maintain and protect them from the time it became the owner of the road up to August, 1896, when it removed said bridge, and wrongfully replaced it with another, so as to leave but a narrow passageway thereunder, and destroyed said spring by covering it with a large embankment, to the damage of the plaintiffs, wherefore they ask to recover two thousand dollars. The defendant answered, denying generally, and in an amendment avers that plaintiffs have a sufficient crossing; that the consideration for said right of way was two hundred and twenty-five dollars in hand paid,—

and sets out said right of way deed, and the deed by which the defendant became the owner of said railroad. Verdict and judgment were rendered in favor of the defendant. Plaintiffs appeal.—*Affirmed.*

*Preston & Moffitt* for appellants.

*S. K. Tracy* for appellee.

GIVEN, J.—I. The following facts are undisputed; Plaintiffs are the owners of the land as alleged. On the fourth day of May, 1870, Mary and William Olver received said writing, and they and the plaintiffs have ever since retained the same, without placing it on record. On the eighteenth day of May, 1870, they executed and delivered to said Burlington, Cedar Rapids & Minnesota Railway Company their deed, conveying to it a right of way one hundred feet wide over said land, which right of way included said spring, for the recited consideration of two hundred and twenty-five dollars in hand paid. The only condition contained in this deed is that if the railroad was not built within ten years, or if the track should be removed from said land, the land conveyed is to revert to the grantor, her heirs and assigns. Said deed contains no reservation or provisions as to the bridge or spring. Said Burlington, Cedar Rapids & Minnesota Railway Company, in constructing its road, put in a wooden bridge, of a sixteen-foot span, contiguous to said spring, which served as an undergrade crossing for persons, vehicles, and stock. The defendant purchased and received a conveyance of said railway under a decree of court on the twenty-sixth day of June, 1876, and has ever since owned and operated the same. In August, 1896, defendant removed said wooden bridge, and replaced it with one of iron, upon stone abutments, of a span of eight feet and ten inches. In filling in earth at one of the abutments, the defendant caused more or less earth to run over the place where the spring was located. After the conveyance of said right of way, the occupants of said farm

continuously used said passageway and spring up to the time
that the new bridge was constructed. The issues are whether
plaintiffs have a right to have said passageway maintained
.at the width at which it was formerly constructed, and to
have said spring saved, and, if so, whether the defendant
should be charged with knowledge of that right, and be
bound thereby. It is also in issue as to whether the plaintiffs
have been damaged. The only conflict in the evidence is as
to whether shortening the width of the passageway damaged
the plaintiffs in that particular, and whether the spring was
injured or destroyed, to the plaintiff's damage.

II.    Plaintiffs asked two instructions that were refused,
and of this they complain. The first is to the effect that if the
jury found that said written agreement of May 4, 1870, was
a part of the consideration for the right of way, and that the
grantors of said right of way and the plaintiffs had
been in possession and actual use of the said
spring and the passageway under the bridge
from 1870 . to 1896, "then you are warranted
in finding that the defendant herein, by reason of ' the
. possession of the plaintiffs, had notice of the rights
·of the plaintiffs to the use of said passageway, and
the free, unobstructed use of said spring; and the
·defendant herein was bound, under such circumstances, to
recognize the rights of the plaintiffs herein, and had no law-
ful right or authority to cover up said spring, or to narrow
·said passageway under said bridge, to the damage of the said
plaintiffs." The court instructed, in effect, that if said
agreement formed part of the consideration for the right of
way, and if the grantors thereof and plaintiffs used said
undercrossing and spring from 1870 to 1896, and that if in
1896 defendant destroyed the spring, and so rebuilt the
undercrossing as to render it of little or no benefit to plain-
tiffs, "and you further find that defendant had knowledge
·of plaintiffs' rights therein at and before the time said spring
:and crossing were destroyed or injured, if you so find, then

plaintiffs will be entitled to recover," etc.   The instruction refused makes possession and use of the spring and passageway sufficient evidence for finding that defendant had knowledge of plaintiffs' rights.   The instruction given is to the same effect.   It requires the jury to find the several facts named, including the use of the spring and passageway, and therefrom whether defendant had knowledge of plaintiff's rights.   We say "therefrom," for there was no other evidence than those recited facts from which to find such knowledge.   The agreement of May 4th had not been recorded, and there was no evidence that defendant had any knowledge of its existence.   The instruction given is substantially the same as that asked.   It is within the rule announced in *Ague v. Seitsinger*, 85 Iowa, 300.

4        The other instruction refused is to the effect that if the defendant made the passageway "narrow, so that it did not conform with the passageway that had been theretofore held and used," and if the defendant filled up said spring, "then said acts of said defendant were wrongful and unlawful, and plaintiffs would be entitled to recover herein."   The agreement was not to furnish a passage of any specific width, but one that would "enable you to gain access to it,"—the spring.   The undisputed evidence is that the way under the new bridge is ample for the passage of teams and stock.   There was no error in refusing to give the instructions asked.

Plaintiffs insist that the verdict is contrary to the evidence.   Under the instructions, it was left to the jury to determine whether the defendant had knowledge that plaintiffs were claiming the rights they claim, and the question of damages.   There was a conflict in the evidence as to the damages, which it was the province of the jury to settle; and it was for the jury to say whether, under all the facts proven, the defendant should be held to have had knowledge of the plaintiffs' claim to the passageway and spring.   We

cannot say that the jury was not warranted in finding as it did. Complaint is made of two rulings in taking the testimony. They are upon purely technical grounds, and there was no prejudice resulting from the rulings.—AFFIRMED.